IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JOSEPH A. SESSEL                                                                         PETITIONER
REG. #07849-031

V.                                      NO.  2:08cv00212 JMM-JWC

T.C. OUTLAW, Warden,                                                                   RESPONDENT
FCI, Forrest City, AR

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

   1.   Why the record made before the Magistrate Judge is inadequate.

   2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

## RECOMMENDED DISPOSITION

Joseph A. Sessel, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus, along with an amendment and an addendum (docs. 1, 4, 5), challenging the decision of the Bureau of Prisons (BOP) to restrict him to six months of placement in a residential reentry center (RRC). Respondent filed a motion to dismiss (doc. 14), and Petitioner filed a response and another addendum (docs. 17, 18). For the reasons that follow, Respondent's motion should be granted and the petition should be **dismissed**.

### I.

According to Petitioner, he is serving a 150-month prison sentence for possession of methamphetamine and weapons violations (doc. 1, at 2), with a projected release date

in July 2010[1] (*id.* at 22).  He states that, on November 4, 2008, he began a Residential Drug Abuse Program (RDAP) at FCI-FC.  He says his class was told shortly thereafter that they would all receive consideration for 180 days of placement "and no more" in a community corrections center (CCC), which is now referred to as an RRC.  On November 12, 2008, Petitioner submitted an informal resolution attempt, asking for "maximum CCC placement consideration" of twelve months.  He stated that his RDAP class would graduate on September 8, 2009, making him eligible for consideration on September 9, 2009.  He received a response from the correctional counselor and unit manager on November 18, 2008, stating:

> Unit team has conducted a 2nd Chance Act review and determined that a 6 month RRC placement is sufficient in your case.  Your current release plan and your past criminal history along with your psychological diagnosis are all factors in this decision.

(*Id.* at 21.)  He then submitted a request for administrative remedy, and the warden responded on December 22, 2008, stating:

> An in person review to assess your need for services under the [statutory] criteria, ensued on November 18, 2008.  Accordingly, staff determined six months RRC placement can accommodate your pre-release needs and is of sufficient duration to provide you the greatest likelihood of successful reintegration into the community.

(Doc. 5, at 3.)

Petitioner contends that, by categorically denying his entire RDAP class consideration of twelve months of RRC placement, the BOP failed to afford him the individualized consideration mandated by statute, and also abrogated his liberty interest in less restrictive RRC confinement, thus violating his rights under the Due Process Clause

---

[1] The BOP website (www.bop.gov) shows Petitioner's release date as July 13, 2010.

of the United States Constitution. He further argues that the BOP's decision should be set aside under the Administrative Procedure Act as arbitrary, capricious and an abuse of discretion because it was made without a rational basis. As relief, Petitioner asks this Court to set aside the BOP's decision and direct that he be considered for maximum RRC placement in good faith and pursuant to the appropriate factors.[2]

II.

Respondent first argues that Petitioner has failed to exhaust his administrative remedies and should be required to do so before asserting his claim in federal court.

The federal writ of habeas corpus is "an extraordinary remedy" limited to "cases of special urgency." *Willis v. Ciccone*, 506 F.2d 1011, 1014 (8th Cir. 1974). In the context of challenges to the actions of prison authorities, this means that habeas relief can be available only after "administrative procedures which provide a real possibility for relief have been exhausted." *Id.* at 1014-15. Therefore, federal prisoners challenging the actions of the BOP are required to exhaust the BOP's administrative remedies before seeking judicial review through a § 2241 habeas petition. *Id.*; *see also United States v. Chappel*, 208 F.3d 1069, 1069-70 (8th Cir. 2000).

The BOP administrative remedy program is a tiered process by which a federal prisoner may seek "review of an issue which relates to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). An inmate must initially attempt to resolve the issue

---

[2]Petitioner does not appear to be asking for the full twelve months of RRC placement because he concedes that he will not be eligible for consideration until completion of his RDAP class on September 8, 2009, resulting in approximately 293 days of RRC placement (doc. 1, at 17, 21, 30).

informally with institutional staff.  *Id.* § 542.13(a).  If this fails or is waived, an inmate must submit a formal administrative remedy request (BP-9) to the appropriate institutional staff member within twenty days of the date on which the basis for the request occurred.  *Id.* § 542.14.  If the inmate is not satisfied with the warden's response to the BP-9, he may appeal (BP-10) to the appropriate Regional Director within twenty days, and, if not satisfied with that response, the inmate may appeal (BP-11) the decision to the General Counsel within thirty days.  *Id.* § 542.15(a).  An appeal to the General Counsel is the final step in administrative exhaustion.  *Id.*  The warden must respond within twenty calendar days, the Regional Director within thirty calendar days, and the General Counsel within forty calendar days.  *Id.* § 542.18.  If the inmate does not receive a response within the time allotted for reply, then he may consider the absence of a response to be a denial at that level.  Id.

Petitioner contends that he utilized the BOP's administrative remedy process, but has yet to receive a response to his appeal to the Regional Director, which was due on March 1, 2009.  He says he discussed this with his correctional counselor, who said she had not received a response either and advised him that any further appeal would be rejected if he did not include a copy of the Regional Director's response (doc. 18).  Petitioner also asserts that any further attempts at exhaustion would be an exercise in futility (doc. 1, at 6-8; doc. 17, at 2-3).

The Court need not determine whether these circumstances excuse any further exhaustion because, as explained below, Petitioner's claim fails on the merits.  *See Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007), *cert. denied*, 128 S. Ct. 927 (2008) (addressing merits of federal prisoner's claims despite alleged failure to exhaust administrative remedies because the "exhaustion prerequisite for filing a 28 U.S.C. § 2241

petition is judicially created, not jurisdictional"); *Sergent v. Norris*, 330 F.3d 1084, 1085 (8th Cir. 2003) (prison officials' failure to timely respond to properly submitted grievance can show that prisoner has exhausted available administrative remedies).

### III.

The BOP is authorized by statute to "designate the place of [a federal] prisoner's imprisonment," which may be "any available penal or correctional facility that meets minimum standards of health and habitability established by the [BOP] ... that the [BOP] determines to be appropriate and suitable."  18 U.S.C. § 3621(b).  The statute further provides that the BOP may "at any time" direct the transfer of a prisoner from one penal or correctional facility to another.  *Id.*  In the course of exercising its discretion regarding a prisoner's housing designation or transfer, the BOP is to consider: (1) the resources of the available facilities; (2) the nature and circumstances of the prisoner's offense; (3) the history and characteristics of the prisoner; (4) statements and recommendations from the sentencing court; and (5) policy statements issued by the United States Sentencing Commission.  *Id.* § 3621(b)(1)-(5).

The BOP is also required by statute to ensure, "to the extent practicable," that a prisoner spends "a portion" of the final months of his prison term under conditions that afford him a "reasonable opportunity" to prepare for reentry into the community.  *Id.* § 3624(c)(1).  These conditions "may include" a community correctional facility.  *Id.*  Placement must be considered in light of the factors set forth in § 3621(b), must be determined "on an individual basis," and must be of "sufficient duration to provide the greatest likelihood of reintegration into the community."  *Id.* § 3624(c)(6).  The listing of

factors in § 3621(b) does not, however, preclude the BOP from considering other matters in its placement analysis. *Miller v. Whitehead*, 527 F.3d 752, 757-58 (8th Cir. 2008) (BOP permitted to consider post-incarceration circumstances such as inmate's behavior in prison and capacity of facility to accept inmates into a particular program).

The Second Chance Act of 2007 extended the maximum transition period under § 3624(c)(1) from 180 days to twelve months. *Id.* § 3624(c)(1); Pub. L. No. 110-199, § 251, 122 Stat. 657, 692-93 (2008); *see Miller*, 527 F.3d at 756. A BOP program statement provides that RRC placement for a period longer than 180 days is "highly unusual" and possible only with "extraordinary justification." BOP PS 7310.04, at 8 (Dec. 16, 1998) (accessible at www.bop.gov/policy/progstat/7310.004.pdf). The Eighth Circuit has concluded that this provision remains effective even in light of the Second Chance Act. *Miller*, 527 F.3d at 757 n.4.

In support of his claim that the BOP failed to afford him individualized consideration for extended RRC placement as required by § 3624(c), Petitioner asserts that: (1) his case manager told thirty-one inmates that they would all be denied RRC placement in excess of 180 days due to directions from his superiors; (2) none of the inmates in his RDAP class have been recommended for more than 180 days of RRC placement; (3) several inmates in his RDAP class received identical responses from the warden denying longer RRC consideration; (4) the BOP failed to explain the rationale behind the factors it listed in denying Petitioner's request for longer RRC consideration; and (5) maximum RRC placement for Petitioner would further the purposes of the Second Chance Act because, based on his individual circumstances as set forth in his release plan, he is "the ideal candidate" for extended RRC placement and his chances of successful reintegration into

society increase in direct proportion to the length of pre-release RRC placement (*see* doc. 1, at 2-3, 14-18, 20; doc. 17).

The statutory language set forth above vests the BOP with broad discretion in considering RRC placement, and nothing in the statutes, or any applicable case law, mandates that the BOP designate any inmate for RRC placement at any time, much less for the maximum twelve-month period. The Eighth Circuit has "emphasize[d] ... that 18 U.S.C. § 3624(c) does not require placement" in an RRC; rather, "[i]t only obligates the BOP to facilitate the prisoner's transition from the prison system." *Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004). The BOP's obligation is qualified by phrases such as "to the extent practicable," "reasonable opportunity," and "sufficient duration," and nothing dictates how long the transition period must be or where it will be served. These are matters left to the discretion of the BOP, so long as it is an individualized decision considering the statutory criteria. Moreover, although the BOP is required to consider requests for RRC placement "in good faith," the statute "does not require the BOP to provide prisoners with a detailed statutory analysis whenever a prisoner requests an immediate transfer to an RRC." *Miller*, 527 F.3d at 758.

Here, Petitioner requested consideration for twelve months of RRC placement, and he received a response, dated November 18, 2008, after an "in person review" by a "unit team" (doc. 1, at 21; doc. 5, at 3). The team determined that 180 days of RRC placement was sufficient "in [his] case" based on his current release plan, his past criminal history, and his psychological diagnosis (doc. 1, at 21). The decision does not state that these were the *only* factors considered, but that they were "all factors in this decision" (*id.*). The

warden's December 22, 2008, review of this decision specifically lists the § 3621(b) factors and states that the earlier decision was made in light of the statutory criteria (doc. 5, at 3).

Petitioner's detailed release plan, dated July 15, 2008 (doc. 1, 22-30), shows that he was convicted in 2000 of drug trafficking and weapons violations, receiving a 150-month prison sentence followed by ten years of supervised release (*id.* at 22). The plan states that he has suffered from "substance abuse issues," having at least two "relapses" while incarcerated, the most recent being in December 2007 (*id.* at 24). The plan states that he received prison disciplinary convictions for failing a drug test in June 2004 and again in December 2007, and for refusing a drug test in July 2008 (*id.*). The release plan also sets forth factors weighing in favor of longer RRC placement, many of which are cited by Petitioner in this action, including impressive rehabilitative, educational and vocational training efforts while incarcerated.[3] His plan also sets forth the reasons he believes he would benefit from extended community corrections placement (*id.* at 25-26).

While the unit team's initial decision was brief, this record is sufficient to demonstrate that the BOP based Petitioner's RRC recommendation on legitimate factors individual to Petitioner's situation, considering factors weighing both for and against extended RRC placement. Furthermore, although Petitioner submits evidence that the warden gave identical responses to his and two other inmates' administrative remedy requests (doc. 5, at 3-5), Petitioner received an individualized, in-person review at the initial

---

[3]Completing a forty-hour drug program, becoming proficient in Spanish, completing a paralegal school through correspondence and earning a paralegal certificate, completing an eighteen-month course in business entrepreneurship and business planning, completing a car sales class, completing a twelve-week real estate class, participating in a three-week hospice training and certification program and then acting as a hospice volunteer, working toward his personal trainer certificate, and participating in the RDAP program (doc. 1, at 23, 29-30).

level and there is no requirement that a detailed analysis of the specific factors be provided at each level of the administrative review process.

In support of his claims, Petitioner also points to the "RDAP Incentive" under 28 C.F.R. § 550.54(a), and the Federal Prisoner Reentry Initiative, codified at 42 U.S.C. § 17541. Section 550.54(a)(1) permits the BOP to offer, as an incentive for satisfactory RDAP participation, "consideration for the maximum period of time in a community-based treatment program." Section 17541(a) requires the BOP to "provide incentives for prisoner participation in skills development programs," *id.* § 17541(a)(1)(G), one of which may, "at the discretion of" the BOP, include "the maximum allowable period in a community confinement facility," *id.* § 17541(a)(2)(A). Making extended community-based placement a possible incentive for participation in these programs in no way displaces the BOP's broad discretion regarding housing designations. As stated, Petitioner's release plan details the extent of his participation in rehabilitative and skills development programs, and the unit team stated that it had considered Petitioner's release plan in making its RRC determination. On this record, the Court cannot find that the BOP refused to consider these matters in deciding that six months of RRC placement was sufficient in Petitioner's case.

Under these circumstances, Petitioner has not demonstrated that the BOP failed to comply with the applicable statutes in making his RRC determination or that the decision should be set aside as arbitrary, capricious or an abuse of discretion.

Nor does Petitioner's claim establish a constitutional due process violation. The law is clear that a prisoner has no constitutional right to be placed in any particular correctional facility, even though the degree of confinement in one facility may be quite different from

that in another. *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25, 228 (1976). Where Congress has given federal prison officials full discretion to control matters of housing, classification and eligibility for rehabilitative programming, a federal prisoner can have no legitimate statutory or constitutional entitlement sufficient to invoke due process. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Although the Court sympathizes with Petitioner's desire to be placed in an RRC as soon as possible, the denial of such placement for reasons related to legitimate penological interests is a matter within the discretion of BOP authorities. As stated, the record shows that such reasons exist, that they have been presented to Petitioner, and that he has been given the opportunity to protest their application.

Petitioner's due process claim is thus without merit.

IV.

For the foregoing reasons, Respondent's motion (doc. 14) to dismiss this 28 U.S.C. § 2241 petition for writ of habeas corpus should be **granted, dismissing this action in its entirety with prejudice**.

DATED this 5th day of June, 2009.

_____
UNITED STATES MAGISTRATE JUDGE